**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA CIRCUIT**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 1 4 2025

**RECEIVED**

RAYON PAYNE,
Appellant

V.                                                              Case No. 25-5355

USCIS

_____/

**EMERGENCY MOTION TO STAY DISTRICT COURT**
**TRANSFER ORDER AND ALL PROCEEDINGS**
**IN TRANSFEREE COURT PENDING APPEAL**

Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure and D.C. Circuit

Rule 8, Appellant Rayon Payne respectfully moves for an emergency order staying

enforcement of the transfer order entered by the U.S. District Court for the District

of Columbia, and staying all further proceedings in the U.S. District Court for the

Middle District of Florida, pending this appeal.

**STATEMENT PURSUANT TO FRAP 8(a)(1)**

Appellant previously filed a motion to stay in the district court on October 2, 2025,

which remains pending. Given the urgency arising from active scheduling orders

and sanction threats issued by the transferee court, Appellant respectfully seeks

emergency relief from this Court.

1

## BACKGROUND

This case arises under 8 U.S.C. § 1447(b), which confers exclusive and original jurisdiction upon the district court where a naturalization applicant files after USCIS fails to act within 120 days. Despite this jurisdictional mandate, on September 4, 2025, the D.C. District Court transferred the case to the Middle District of Florida via minute order.

On September 29, 2025, the district court denied Plaintiff's Rule 60(b) motion to vacate the transfer. That denial has now been appealed.

Meanwhile, the transferee court (M.D. Fla.) issued a standing order on September 26, 2025, threatening sanctions and default. Appellant faces irreparable harm from being subjected to proceedings in a court that lacks jurisdiction under the governing statute.

A stay is necessary to protect appellate jurisdiction and avoid further procedural and constitutional harm.

## LEGAL STANDARD

A stay pending appeal is governed by four factors:

1. Likelihood of success on the merits;

2. Irreparable harm to the appellant if relief is denied;

3. Absence of substantial harm to other parties;

4. The public interest. See <u>Nken v. Holder</u>, 556 U.S. 418 (2009).

## ARGUMENT

### I. Appellant Is Likely to Succeed on the Merits

Section 1447(b) expressly vests exclusive jurisdiction in the district court where the application is filed. There is no provision authorizing a transfer to another venue. The transfer order conflicts with the statute's plain meaning and congressional intent. The transferee court lacks jurisdiction, rendering all post-transfer proceedings void ab initio.

This appeal presents a serious legal question of first impression: Can a district court divest itself of jurisdiction conferred exclusively by statute? No precedent supports such a move, and the D.C. Circuit has not approved judicial discretion to override § 1447(b). These are strong grounds for reversal.

### II. Irreparable Harm Is Ongoing and Imminent

The Middle District of Florida has entered scheduling and compliance orders threatening dismissal or sanctions (See Exhibit A). Appellant cannot obtain meaningful review if subject to adverse rulings from a court acting without jurisdiction. This harm is irreparable and immediate.

## III. The Government Faces No Prejudice

Staying proceedings in Florida merely preserves the status quo. The government has no statutory entitlement to transfer and suffers no harm from awaiting appellate review.

## IV. The Public Interest Favors a Stay

There is profound public interest in ensuring that lower courts adhere to jurisdictional statutes. Allowing unlawful proceedings to continue undermines confidence in judicial neutrality and separation of powers.

## RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. Stay all proceedings in the U.S. District Court for the Middle District of Florida (Case No. 6:25-cv-01855), including all orders issued following the transfer;

2. Recognize that this appeal raises serious questions regarding jurisdictional authority under 8 U.S.C. § 1447(b);

3. Consider the attached Exhibit A (September 26, 2025 order from M.D. Fla.) which evidences active and threatening proceedings;

4. Acknowledge that Appellant moved for a stay in the district court on October 2, 2025, and the court failed to act within three days;

5. Expedite ruling on this motion to avoid irreparable harm;

4

6. Grant any other relief this Court deems just and proper.

Date: 10/9/2025                                    Respectfully Submitted

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: Kekomardi@gmail.com
Email: info@folksalert.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I served the above document  by U.S.

Mail, postage prepaid, on the following:

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov

Date: 10/9/2025                                    Respectfully Submitted

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: Kekomardi@gmail.com
Email: info@folksalert.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYON PAYNE,**

**Plaintiff,**

v.                                          **Case No.  6:25-cv-1855-CEM-LHP**

**UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES
(USCIS),**

**Defendant.**
_____/

### ORDER

THIS CAUSE is before the Court on *sua sponte* review. To facilitate compliance with the Local Rules, it is **ORDERED** as follows:

1. Within **fourteen days** from the date of this Order, or if a party joins this action subsequent to the entry of this Order, from the date of a party's first appearance, each party shall:

   a. Comply with Local Rule 3.03 and file a Disclosure Statement in the form provided on Judge Mendoza's page on the Middle District of Florida website. Each party has a continuing obligation to file and serve an amended Disclosure Statement within **fourteen days** of discovering any ground for amendment,

conflict of interest, recusal, or disqualification of the judicial

officer.

b. Comply with Local Rule 1.07(c) and file a Notice of Pendency

of Other Actions in the form on Judge Mendoza's page on the

Middle District of Florida website.

2. In accordance with Federal Rule of Civil Procedure 16 and Local Rule

3.02(d)(1), a special scheduling order will be issued separately.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties