## UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 1 4 2025

RECEIVED

RAYON PAYNE,
Appellant

V.                                              Case No. 25-5355

USCIS

_____ /

## APPELLANT'S MOTION TO DISQUALIFY THE
## DEPARTMENT OF JUSTICE AS COUNSEL ON APPEAL

Comes now, Rayon Payne, pro se, pursuant to this Court's inherent authority and relevant ethical standards, and respectfully moves to disqualify the United States Department of Justice (DOJ) and any affiliated government counsel from representing the government in this appeal. The basis for this motion is that DOJ is not merely a neutral advocate in this matter—it is a material actor whose conduct forms the very subject of this litigation.

## MEMORANDUM OF LAW IN SUPPORT

### I. INTRODUCTION

This appeal arises from a naturalization proceeding under 8 U.S.C. § 1447(b), in which the district court transferred a case over which it held exclusive jurisdiction, denied relief despite material procedural and constitutional violations, and allowed

1

the government to suppress critical evidence related to Appellant's immigration file ("A-file"). At every stage, the Department of Justice has not merely acted as counsel—it has been a party to the conduct challenged.

The record demonstrates misconduct by the government that includes:

- Suppression of Appellant's complete A-file, including FOIA logs and material records relevant to the disposition of his naturalization application;

- Use of a vacated conviction to deny Appellant naturalization rights;

- Improper transfer of a § 1447(b) action, in direct contravention of binding statutory jurisdiction;

- Defense of the foregoing conduct, thereby perpetuating the constitutional violations.

Appellant now seeks disqualification of DOJ from defending its own misconduct on appeal.

## II. LEGAL STANDARD

Federal courts have inherent authority to disqualify counsel to preserve the integrity of the judicial process. See Wheat v. United States, 486 U.S. 153 (1988). The standard is not mere appearance of impropriety, but rather a "demonstrated conflict of interest that threatens the fairness of the proceedings."

Disqualification is especially warranted where the counsel's conduct is at issue in the case, or where participation would allow a party to benefit from its own wrongdoing. See United States v. Agosto, 675 F.2d 965 (8th Cir. 1982).

## III. ARGUMENT

### A. DOJ Cannot Litigate to Validate Its Own Misconduct

The principle that no party may benefit from its own wrongdoing is foundational. In Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231(1959), the Supreme Court emphasized that "no man may take advantage of his own wrong." That principle is no less applicable when the government is the party at issue.

Here, DOJ cannot simultaneously serve as both the defender of the United States and the architect of the challenged conduct. Its role in suppressing records, relying on a vacated conviction, and misusing procedural devices like minute orders disqualifies it from continuing as counsel.

Allowing DOJ to argue this appeal would allow it to validate constitutional violations it directly enabled—a result antithetical to due process and judicial neutrality.

### B. The Conflict Is Structural and Irremediable

The conflict here is not merely theoretical. DOJ's institutional interest is in avoiding exposure of misconduct, minimizing liability, and preserving procedural

3

victories obtained through flawed means. Any substitution of counsel within DOJ, or even another agency under the same umbrella, merely recycles the same conflict.

In In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 250 (2d Cir. 1985), the court noted that "the government may not, consistent with due process, litigate to defend illegal acts it has perpetrated." Disqualification ensures no part of the government may insulate itself through intra-agency substitutions.

## C. DOJ's Role as Default Counsel Does Not Immunize It From Disqualification

Courts have discretion to deny DOJ representation where conflict exists. See United States v. Bolden, 353 F.3d 870 (10th Cir. 2003). The district court previously suggested that it lacked authority to disqualify DOJ based on its status as the government's default legal arm. That logic is flawed. The issue is not DOJ's right to represent the United States generally—it is its ability to defend conduct that is under constitutional challenge in the very same litigation.

In Freeport-McMoRan Oil & Gas Co. v. FERC, 962 F.2d 45, 47 (D.C. Cir. 1992), this Court warned against allowing parties to "use the judicial process to perpetuate a constitutional wrong." That warning is now apt.

4

## CONCLUSION

At the heart of this motion lies a fundamental question:

Does the Constitution still mean what it says?

This case presents a rare and critical moment where the integrity of the judicial process, the authority of government actors, and the basic principle of fairness intersect. The Department of Justice is not merely defending an agency; it is seeking to validate — and benefit from — a course of conduct marked by constitutional violations, evidentiary suppression, and financial enrichment.

The suppression of the A-file, the invocation of a vacated conviction, and the unlawful transfer of jurisdiction are not procedural footnotes. They are substantive breaches of legal and constitutional duty. But the harm did not stop there.

USCIS retained application fees for both the N-400 naturalization application and the Form N-336 hearing — services that were never lawfully adjudicated. In denying these rights based on a conviction that does not exist, while keeping the funds paid, the government not only denied due process but profited from it. That is the very definition of unjust enrichment — and when it occurs alongside constitutional violations, the injury is not only legal but moral.

This motion does not question DOJ's general role as counsel to the United States. It questions whether the same institution that created, supported, and now seeks to benefit from the underlying misconduct can represent the government in litigation designed to challenge it.

When the government becomes both the architect and the beneficiary of a constitutional violation — and retains financial gain derived from it — it must be disqualified from defending that outcome.

Disqualification here is not about punishment — it is about preservation. Preservation of the public's faith in the courts. Preservation of the litigant's right to a fair hearing. Preservation of the rule of law.

The question is not whether the government can win — the question is whether the Constitution still applies when the government is the violator and benefactor.

## IV. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. Disqualify the Department of Justice, including any affiliated government attorneys or agencies, from representing the government in this appeal on grounds of irreconcilable conflict, direct implication in the misconduct at issue, and structural inability to act independently.

2. Order that no governmental attorney, agency, or surrogate shall enter an appearance on behalf of the United States unless and until:

- a. The complete A-file, FOIA logs, and all related documents pertaining to Appellant are produced in full to the Court and to Appellant;

- b. A written disclosure is filed, under oath, identifying how and when the government or its agents accessed, used, concealed, or relied upon the contents of the A-file — particularly in relation to the naturalization proceedings and any associated administrative or judicial filings;

- c. The government certifies that the file has not been altered, redacted, or reconstructed in any form post-litigation commencement.

3. Direct that briefing proceed on schedule, but further order that failure by the government to comply with the disclosure requirements in Paragraph 2 within a fixed deadline (e.g., 14 days) shall result in:

- a. Immediate disqualification of DOJ and any substitute government counsel from participating further in this appeal;

- b. The Court proceeding to adjudicate Appellant's appeal on the existing record without a government brief and with any appropriate adverse inferences drawn from nonproduction.

7

4. Alternatively, appoint a neutral, conflict-free counsel—not associated with

   DOJ, DHS, or any agency implicated in this matter—to appear for the

   United States only after the above disclosures are satisfied.


Date: 10/9/2025                          Respectfully Submitted

                                         _____
                                         RAYON PAYNE, PRO SE
                                         8815 Conroy Windermere Rd. Ste. #208
                                         Orlando Florida 32835
                                         Tel: 863-485-0550
                                         Email: Kekomardi@gmail.com
                                         Email: info@folksalert.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I served the above document by U.S.

Mail, postage prepaid, on the following:

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov

Date: 10/9/2025                          Respectfully Submitted

                                         _____
                                         RAYON PAYNE, PRO SE
                                         8815 Conroy Windermere Rd. Ste. #208
                                         Orlando Florida 32835
                                         Tel: 863-485-0550
                                         Email: Kekomardi@gmail.com
                                         Email: info@folksalert.com